E. A. BENSON v. JOHN S. CAULFIELD, REVIVED IN THE NAME
OF CHARLES E. CLAPP, ADMINISTRATOR.

FILED MARCH 5, 1902.    No. 11,206.

Commissioner's opinion, Department No. 1.

1. **Indemnity Bond**: RECITALS: LEVY: RECOVERY. The fact that
an indemnity bond recites that the officer has been directed to
levy upon property of the judgment debtor, will not prevent a
recovery, if he was actually directed to levy upon property of a
third party, and does so at request of the principal in the bond.

2. ———: CONDITION: PAYMENT OF JUDGMENT: BREACH OF BOND.
Where a bond is conditioned to indemnify the officer against
all "harm, trouble, damage, costs, suits, actions, judgments and
executions" growing out of the levy, the payment by the officer,
after its affirmance, of a judgment in conversion for taking the
property, constitutes a new breach of the bond.

3. **Statute of Limitations.** The statute of limitations does not run
against an action for damages upon such breach until the stat-
utory time after the payment.

4. **Surety**: PAYMENT OF CONVERSION: ASSIGNMENT OF JUDGMENT:
CONSIDERATION. The fact that the funds for the payment of the
conversion judgment were furnished by a surety on the officer's
bond as sheriff does not impeach an allegation that the officer
paid it, and the furnishing of the funds is a sufficient considera-
tion for an assignment of the indemnity to the officer's surety.

ERROR from the district court for Douglas county.
Tried below before POWELL, J. *Affirmed upon filing of
remittitur.*

*Hall & McCulloch,* for plaintiff in error.

*Byron G. Burbank, contra.*

HASTINGS, C.

This action is brought upon an indemnity bond given
April 24, 1888, to William Coburn, sheriff of Douglas
county, in the penal sum of $1,955, to indemnify Coburn
against all "harm, trouble, damage, costs, suits, actions,
judgments and executions" that might arise, come, or be

brought against him on account of the levy of an execution on a judgment in favor of William L. Hall and against the New York Storage & Loan Company. The execution was, at the request of plaintiff, levied upon certain property which was claimed by one John L. Watson. At the close of plaintiff's testimony, defendant Benson moved for an instruction in his favor, and again at the close of the case renewed the motion, and at that time plaintiff also asked a similar instruction; and the court granted plaintiff's request, and instructed as follows:

"You are instructed that under the pleadings, the law and the evidence herein, you should return a verdict for the plaintiff against the defendant E. A. Benson, for the sum of three thousand four hundred and twenty-one and 25-100 ($3,421.25) dollars, being $1,955 of principal and $1,466.25 interest, at seven per cent. from April 24, 1888, to February 6, 1899."

Twenty-seven errors are assigned, only one of which, viz., the fourth, which complains of the giving of the above instruction, need be considered. Evidently, if this instruction was correct, and no other verdict was possible in the case, it is immaterial what errors there may have been in the admission or rejection of evidence, except as such errors affect the question of the propriety of this instruction. The rightfulness of this instruction is assailed for three principal reasons: (1) Evidence does not show any breach of the bond; (2) action upon it was barred by the statute of limitations; and (3) no cause of action arose in favor of plaintiff, Caulfield. The bond was in favor of Coburn, and it is claimed that Coburn never acquired any right of action, because he paid nothing on the judgment, and could assign none to Caulfield.

The first point is urged on the ground that the bond recites that the execution is directed to be levied upon the property of the New York Storage & Loan Company. It is urged that, if this had been done, there would have arisen no trouble, because of the levy, and that the bond provides for no indemnity against taking anybody's else

property. This objection can not be sustained, for the reason, first, that it does away with the palpable meaning of the bond, which is to indemnify the sheriff against levying upon property to which he was directed, as the testimony shows, by the judgment creditor Hall. In the next place, it appears clearly that Hall's judgment was set aside and the execution quashed, so that it does not follow that liability would not have attached, if the levy had been made upon the property of the storage company. The second reason hardly seems to be any better. It is true that the bond indemnified Coburn against judgments. Numerous cases are cited by plaintiff in error, that where one is indemnified against judgments a right of action accrues when judgment is rendered, and damages to an amount sufficient for the satisfaction of such judgment are recoverable at once. No case, however, has been shown which holds that only one condition of the bond creates a cause of action. The bond sued upon here contained an indemnity not only against judgments, but against harm, costs, suits and damages. It is true that the judgment which was finally paid by Coburn in this action was rendered March 14, 1893, and this action was begun December 7, 1898. It is also true, however, that September 30, 1898, Coburn paid the judgment recovered by Watson for conversion of the goods levied upon, with interest and costs, amounting to $5,416. That this was a valid and enforceable judgment, duly and regularly obtained against the sheriff on account of the levy of this writ of execution, seems clear upon the evidence, and was once determined by this court. *Coburn v. Watson*, 48 Nebr., 257. That the making of this payment under compulsion of the judgment was a "harm and damage" arising out of the levy of the execution procured by means of this indemnity bond, seems clear. If so, it was a new breach of the condition of the bond and recoverable-for, independently of the question whether there could have been a recovery for the breach caused by the mere rendition of the judgment. If this is true, the statute of limitations would not begin to

run as to this breach of the bond until the time of payment, September 30, 1898. The third reason assigned for considering this instruction for plaintiff erroneous, rests upon the proofs adduced as to the manner of payment of the judgment recovered against Coburn. It appears that it was paid by the plaintiff, Caulfield, through Coburn. Caulfield, as the proof shows, gave Coburn a note secured by mortgage on Caulfield's property, and payable to Watson, and cash to make up the total amount due on the judgment, $5,416. Coburn used these funds to pay the judgment, took a receipt to himself, and assigned his indemnity to plaintiff Caulfield, who was one of the sureties on his sheriff's bond. This was ample consideration for the assignment of the bond, and supports the allegation that Coburn paid the judgment, and, for value, assigned the indemnity.

As above suggested, we do not think it necessary to examine the alleged errors in the admission of testimony. They could have produced no harm, in our view of the case, because we find the testimony, as a whole, enough to compel a verdict in favor of Caulfield to the amount of his assigned indemnity. The verdict, however, is too large. The penalty of the bond is only $1,955. The breach of the bond for which this action is brought, and this recovery had, occurred on September 30, 1898. The right to sue for the breach by reason of the rendition of judgment in March, 1893, was barred by the statute of limitations, if it ever existed. The limit of damages for the recovery upon a penal bond in this state seems to be the amount of the penalty and interest from the time the condition is broken. *Mullen v. Morris,* 43 Nebr., 596, 608. The extent, therefore, of plaintiff's recovery would be $1,955 and interest at seven per cent from September 30, 1898, up to the first day of the term at which judgment in this action was rendered, viz., February 6, 1899. This amount is $47.90. The interest, however, allowed in the verdict is $1,466.25, —an excess of $1,418.35 over the true amount. The instruction complained of was erroneous to that extent. A

new trial should be granted, or a remittitur directed for this sum. It is therefore recommended that if the above excess interest of $1,418.35 be remitted from the judgment in this case within thirty days, that the judgment be affirmed as to the remainder, and interest from the date of its rendition; that otherwise the judgment be reversed and the cause remanded; and that plaintiff in error recover costs in this court.

DAY, C., concurs. KIRKPATRICK, C., not sitting.

By the Court: For the reasons given in the foregoing opinion, it is ordered that if the excess interest of $1,418.35 be remitted from the judgment in this case within thirty days, the judgment be affirmed as to the remainder, with interest from the date of its rendition; otherwise that the judgment be reversed and the cause remanded; and that plaintiff in error recover costs in this court.

JUDGMENT ACCORDINGLY.